UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HILDA GRIFFIS,

        Plaintiff,

vs.                                 Case No.  3:08-cv-1129-J-32MCR

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying her application for Social Security benefits.  The Court has reviewed

the record, the briefs, and the applicable law.  For the reasons set forth herein, the

Commissioner's decision is **AFFIRMED.**

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Social Security Income ("SSI") on

March 21, 2005.  (Tr. 66).  The Social Security Administration denied this application

initially and on reconsideration.  (Tr. 61-63, 65).  Plaintiff then requested and received a

hearing before an Administrative Law Judge (the "ALJ"), which was held on October 1,

2007.  (Tr. 194-225).  The ALJ issued a decision on October 25, 2007 finding Plaintiff

not disabled.  (Tr. 13-26).  The Appeals Council denied Plaintiff's request for review of

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.
(Doc. 19).

-1-

the ALJ's unfavorable decision on September 25, 2008, thus making the ALJ's October 25, 2007 decision the final decision of the Commissioner. (Tr. 4-6). Plaintiff timely filed her Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Basis of Claimed Disability

Plaintiff claims to be disabled since July 15, 1998, due to stroke, depression, memory, and migraines. (Tr. 106-07).

### B.    Summary of Evidence Before the ALJ

Plaintiff was 41 years old at the time of the ALJ's decision on October 25, 2007. (Tr. 20, 197). She is a high school graduate, and is able to communicate in English. Id. at 200. Plaintiff's past relevant work experience includes employment as a Licensed Practical Nurse and a Telemarketer. Id. at 104, 201, 203. Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

On April 20, 2005, Dr. Andres Nazario examined Plaintiff and observed she was alert and cooperative, able to concentrate, able to understand and follow directions and there was no evidence of word finding difficulties, aphasia, or speech impediment. (Tr. 129-31). He diagnosed Plaintiff with major depressive disorder, recurrent, severe, without psychotic features; and amnestic disorder NOS. Id. Additionally, Dr. Narazio found Plaintiff's presentation was unusual and appeared to be exaggerated. Id. at 131.

On May 12, 2005, Dr. Eftim Adhami saw Plaintiff for complaints of headaches with associated photophobia and inability to sleep. (Tr. 132-36). Dr. Adhami

diagnosed Plaintiff with depression and frequent headaches.  Id.  However, he made no restrictions or treatment recommendations.  Id. at 133.

On August 9 , 2005, Dr. Raymond P. Schoenrock saw Plaintiff for a history of cerebrovascular accident, headaches, and memory and speech problems.  (Tr. 137-40). Dr. Shoenrock's impressions were amnestic disorder NOS; and major depressive disorder, recurrent, severe, without psychotic features.  Id.  Additionally, he noted Plaintiff was malingering, not putting forth her best effort, and exaggerating her limitations and deficits.  Id. at 138-39.

On August 12, 2005, Dr. Alejandro Vergara completed a Mental RFC Assessment of Plaintiff.  (Tr. 141-43).  Dr. Vergara found Plaintiff to be moderately limited in her ability to remember, understand and carry out detailed instruction.  Id. at 141-42.  Additionally, Dr. Vergara opined Plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods as well as to complete a normal workday and workweek without interruptions from psychologically based symptoms.  Id.  Dr. Vergara further noted Plaintiff was moderately limited in her ability to perform at a consistent pace without an unreasonable number and length of rest periods.  Id.  Plaintiff's ability to interact with others was not significantly impaired and she was able to do simple, repetitive tasks and assignments.  Id. at 143.

On August 25, 2005, Dr. Anna Trushkov completed a Report of Contact in which she noted Plaintiff was within normal limits.  (Tr. 150).  On October 25, 2005, Dr. Robert Steele similarly completed a Report of Contact stating his examination of Plaintiff was benign and no reduction of physical RFC was indicated.  Id. at 165.

On April 18, 2006, Plaintiff presented to Dr. Natalie Shiriaeva with migraine headaches with associated blurry vision, dizziness with blackouts, worsening back pain, and frequent anxiety with panic attacks. (Tr. 166-72). Dr. Shiriaeva's assessment was chronic low-back pain, migraine headaches, bipolar/depression, and generalized anxiety disorder with panic attacks. Id. Additionally, Dr. Shiriaeva completed a Mental RFC Assessment and opined Plaintiff was unable to work and was markedly limited in eighteen out of twenty categories of functional limitations.[2] Id. at 171-74.

On April 25, 2007, Dr. Robin E. O'Hearn, an evaluating psychologist, assessed Plaintiff suffered from mood disorder NOS, and panic disorder. (Tr. 181-87). Dr. O'Hearn opined Plaintiff was moderately limited in the ability to remember, understand, and carry out detailed instructions and was markedly limited in her ability to respond appropriately to work pressures in a usual work setting.[3] Id. at 185. Dr. O'Hearn also observed possible exaggeration and malingering by Plaintiff. Id. at 182-84.

### C.    Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A). The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § 416.920. First, if a

---

[2]The ALJ accorded no weight to Dr. Shiriaeva's opinion that Plaintiff was unable to work and was markedly limited in eighteen, out of twenty, categories of the mental residual functional capacity assessment. (Tr. 23).

[3]This marked limitation was rejected by the ALJ. (Tr. 23-24). However, the ALJ did not similarly reject the rest of Dr. O'Hearn's opinions, observations, or findings. (Tr. 21, 23-24).

claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. §

416.920(a)(2)(I). Second, if a claimant does not have any impairment or combination of

impairments which significantly limit her physical or mental ability to do basic work

activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. §

416.920(a)(2)(ii). Third, if a claimant's impairments meet or equal an impairment listed

in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925,

416.926), she is disabled. 20 C.F.R. § 416.920(a)(2)(iii). Fourth, if a claimant's

impairments do not prevent her from doing past relevant work, she is not disabled. 20

C.F.R. § 416.920(a)(2)(iv). Fifth, if a claimant's impairments (considering her residual

functional capacity, age, education, and past work) prevent her from doing other work

that exists in the national economy, then she is disabled. 20 C.F.R. § 416.920(a)(2)(v).

Plaintiff bears the burden of persuasion through step four, while at step five, the burden

shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5

(1987).

    In the instant case, at step one, the ALJ found Plaintiff had not engaged in

substantial gainful activity since March 21, 2005, the application date. (Tr. 18). At step

two, the ALJ found Plaintiff suffered from the following severe impairments: a mood

disorder, not otherwise specified; a panic disorder; and report of malingering. Id. At

step three, the ALJ found Plaintiff did not have an impairment, or combination of

impairments, that met or equaled any listed in 20 C.F.R. Part 404, Subpart P, Appendix

1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926). Id. at 18-19.

The ALJ further determined Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [M]oderately limited in the ability to understand, remember, and carry out detailed instructions; to maintain attention and concentration for extended periods; and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

Id. at 19-24. In reaching this conclusion, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting factors of her alleged symptoms not completely credible. Id. at 22.

At Plaintiff's hearing, the ALJ utilized the testimony of a vocational expert (the "VE"). The ALJ posed hypothetical questions to the VE that included Plaintiff's symptoms and their resulting limitations. Based on the hypothetical questions posed, the VE testified Plaintiff's past relevant work exceeded the ability of her RFC. Id. at 24-25. The ALJ then asked the VE whether a person with Plaintiff's RFC could perform any other jobs existing in significant numbers in the national economy. The VE replied that a person with Plaintiff's RFC could perform work as a machine operator (confectionary drops), an ink printer machine operator, and a pneumatic tube operator, which all exist in significant numbers in the national economy. Id. at 25. Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. Id. at 26.

## III.  ANALYSIS

### A.  The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**B.    Issues on Appeal**

Plaintiff argues three issues on appeal.  First, Plaintiff contends the ALJ's hypothetical question to the VE was improper.  (Doc. 21, pp. 5-10).  Second, Plaintiff argues the ALJ improperly evaluated the opinion of Plaintiff's treating sources and applied an incorrect standard of law.  Id. at 10-14.  Third, Plaintiff contends the ALJ improperly evaluated Plaintiff's subjective complaints of pain.  Id. at 14-17.  The Court will consider each of these issues.

**1.    Whether the ALJ's hypothetical question to the VE was proper.**

Plaintiff argues the hypothetical question posed to the VE was improper because it did not include all of the limitations contained in Plaintiff's RFC.  (Doc. 21, pp. 5-10).  Plaintiff is correct that the case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant.  Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985).  Where the hypothetical employed with the VE does not fully assume all of a claimant's limitations, the decision of the ALJ is unsupported by substantial evidence.  Id. at 1561.

In the instant case, the ALJ found Plaintiff's RFC consisted of no exertional limitations, but with the following non-exertional limitations:

> [M]oderately limited in the ability to understand, remember, and carry out detailed instructions; to maintain attention and concentration for extended periods; and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

(Tr. 19).  The hypothetical questions posed to the VE asked him to assume a person

with no exertional limitations, but with the following non-exertional limitations:

> [S]light limitation in carrying out short, simple instructions and
> in making judgments on simple, work-related decisions;
> moderate limitations in understanding, remembering, and
> carrying out detailed instructions, in responding appropriately
> to changes in routine work setting, and in interacting
> appropriately with supervisors and workers; and maked
> limitations in responding appropriately to work pressures in the
> usual work setting.

(Tr. 215-16).  Based on the aforementioned hypothetical, the VE testified that such an

individual was capable of performing unskilled, low stress, and simple work and then

gave examples of jobs which exist in significant numbers in the national economy that fit

that criteria.[4]  (Tr. 216-21).

Plaintiff contends the hypothetical question posed to the VE was improper

because it failed to include all of the limitations assessed by the ALJ in Plaintiff's RFC.

(Doc. 21, pp. 5-10).  The Court will address whether each functional limitation contained

in Plaintiff's RFC was properly incorporated into the hypothetical question posed to the

VE.

The first functional limitation contained in Plaintiff's RFC was that Plaintiff was

"moderately limited in the ability to remember, understand, and carry out detailed

instructions."[5]  (Tr. 19).  The ALJ specifically asked the VE to consider a person with this

---

[4]Specifically, such an individual could perform work as a machine operator, ink printer, pneumatic tube operator, photocopy machine operator, microfilm camera operator, and room service clerk.  (Tr. 218-21).

[5]This functional limitation is supported by the assessments of Drs. O'Hearn and  Vergara. (Tr. 141, 185).

limitation.  <u>See</u> (Tr. 215).  Therefore, the first functional limitation contained in Plaintiff's RFC was adequately considered by the VE.

The next functional limitation contained in Plaintiff's RFC was that Plaintiff was "moderately limited in ... maintain[ing] attention and concentration for extended periods."[6]  (Tr. 19).  Again, this limitation was adequately addressed by the ALJ in his hypothetical question to the VE.  <u>See</u> (Tr. 215-16).  Therefore, the second functional limitation contained in Plaintiff's RFC was considered by the VE.

The final functional limitation contained in Plaintiff's RFC was that Plaintiff was:

> [M]oderately limited in the ability to ... complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.[7]

(Tr. 19).  With regard to this limitation, the ALJ's hypothetical question to the VE contained the following:

> [*M]arked* limitation in responding appropriately to work pressures in the usual work setting and *moderate* limitation in interacting appropriately with supervisors and workers and in responding appropriately to changes in routine work setting.

(Tr. 215-16) (emphasis added).  This hypothetical encompasses Plaintiff's specific assessed limitations in working without interruption from psychologically based symptoms and at a consistent pace.  In fact, the ALJ asked the VE to presume an individual more severely limited (markedly limited) than an individual in Plaintiff's

---

[6]This functional limitation is supported by the assessment of Dr. Vergara.  (Tr. 141).

[7]This functional limitation is supported by the assessment of Dr. Vergara.  (Tr. 142).

situation (moderately limited).[8]  The VE responded that an individual with marked

limitation could perform unskilled, low stress, and simple work.  It therefore follows that

an individual with a moderate limitation can also perform this type of work.  Accordingly,

the Court finds the hypothetical question posed to the VE properly included all relevant

functional limitations contained in Plaintiff's RFC.

Additionally, Plaintiff appears to argue that the ALJ erred in using the term

"moderate" to describe Plaintiff's functional limitations because "moderate" is not

sufficiently descriptive.  (Doc. 21, pp. 8-9).  However, at the hearing, the ALJ specifically

defined the words "moderate" and "marked" and there is no indication that the VE was

unaware of or did not understand the meaning of the words.  (Tr. 215).  Therefore, the

Court finds Plaintiff's argument without merit.

Furthermore, Plaintiff contends the ALJ's RFC failed to adequately consider all of

her impairments and subjective complaints of pain, particularly back pain and

headaches; therefore, the hypothetical questions posed to the VE was improper.  (Doc.

21, p. 10).  As discussed above, the Court finds the ALJ's hypothetical included all of

Plaintiff's assessed functional limitations and, therefore, was proper.  (Tr. 215-16).  This

argument is more fully addressed below, as Plaintiff raises this issue again as a

separate argument.

---

[8]The ALJ defined marked limitation as "the ability to function is severely limited, but not
precluded."  (Tr. 215).  The ALJ defined moderate limitation as "the individual is able to function
satisfactorily."  Id.

**2.    Whether the ALJ properly evaluated the opinion of Plaintiff's treating sources and applied the correct standard of law.**

Plaintiff argues the ALJ failed to give appropriate consideration to the opinions of Plaintiff's treating sources, Dr. Adhami, Dr. Shiriaeva,[9] and the Starke Family Medical Center. (Doc. 21, pp. 12-14). However, of these sources, only Dr. Shiriaeva is a treating source.[10] Therefore, this Court will only address Dr. Shiriaeva's opinion.

In evaluating medical opinions, the ALJ considers many factors, including the examining relationship, the treatment relationship, whether an opinion is amply supported, whether an opinion is consistent with the record and a doctor's specialization. 20 C.F.R. § 416.927(d). Generally, the opinions of examining physicians are given more weight than non-examining physicians and the opinions of treating physicians are given more weight than non-treating physicians. See id. § 416.927(d)(1)-(2). Treating sources are given more weight because they are "most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and

---

[9]The ALJ's decision states that he considered and accorded no weight to the opinion of "Dr. Shoenrock." (Tr. 23). However, based on the analysis surrounding the ALJ's statement, the Court presumes the name "Dr. Shoenrock" was mistakenly used in place of "Dr. Shiriaeva". Id.

[10]"Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R .§ 416.902. "Acceptable medical sources" are defined as: licensed physicians; licensed or certified psychologists; licensed optometrists; licensed podiatrists; and qualified speech-language pathologists.  SSR 06-03p. Therefore, the Starke Family Medical Center is not a treating source.
    Additionally, a review of the record reveals only one examination by Dr. Adhami. Thus, Dr. Adhami would not be considered a treating source. 20 C.F.R. §§ 416.902, 416.927(d); Crawford, 363 F.3d at 1160. Furthermore, Dr. Adhami did not provide an opinion on Plaintiff's limitations. 20 C.F.R. § 416.927(a)(2) (Medical opinions are statements that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, and abilities despite impairments).

may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." Id. § 416.927(d)(2).

Thus, a treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (quotation marks omitted); see also 20 C.F.R. § 416.927(d)(2). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also 20 C.F.R. § 416.927(d)(2) (requiring the agency to "give good reasons" for not giving weight to a treating physician's opinion). If an ALJ either "ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Plaintiff argues that the ALJ did not give appropriate consideration to Dr. Shiriaeva's opinion that Plaintiff was unable to work and was markedly limited in eighteen out of twenty categories of functional limitations contained in the Mental RFC Assessment. (Doc. 21, pp. 12-14; Tr. 171-74). With regard to Dr. Shiriaeva's opinion Plaintiff was unable to work, a treating doctor's opinion that a claimant is unable to work

is not a "medical opinion" as defined by the regulations, but an opinion on an issue reserved to the Commissioner. <u>See</u> 20 C.F.R. § 416.927(e). Such opinions are never entitled to controlling weight or special significance. <u>See</u> SSR 96-5p. Therefore, Dr. Shiriaeva's opinion Plaintiff was unable to work related to an issue reserved for the ALJ and was not entitled to controlling weight.

With regard to Dr. Shiriaeva's opinion that Plaintiff was markedly limited in almost all categories of functional limitations, the ALJ rejected this opinion because of the lack of support by the consultative medical examinations and in the record as a whole. (Tr. 23-24). The ALJ noted that Dr. Nazario's records indicate Plaintiff reported no history of mental illness, was alert and cooperative, was able to concentrate, was able to understand and follow directions, and that there was no evidence of word finding difficulties, aphasia, or speech impediment. (Tr. 23-24, 129-31). Additionally, there is no medical evidence of record demonstrating more than mild to moderate limitations from psychiatric or psychological treatment. (Tr. 22, 129). Furthermore, Dr. Vergara found Plaintiff to be only moderately limited in her ability to remember, understand and carry out detailed instruction, to complete a normal workday and workweek without interruptions from psychologically based symptoms, and perform at a consistent pace. (Tr. 141-42). Dr. Vergara also noted Plaintiff's ability to interact with others is not significantly impaired and she is able to do simple, repetitive tasks and assignments. (Tr. 143). Therefore, the extent of limitations imposed by Dr. Shiriaeva was not bolstered by the evidence or supported by the record as a whole. <u>See</u> <u>Phillips v.</u>

Barnhart, 357 F.3d at 1240-41. Based on the foregoing, the Court finds that substantial evidence supports the ALJ's decision to reject Dr. Shiriaeva's opinion.

Additionally, Plaintiff argues that the reports of reviewing, non-examining state agency physicians do not constitute substantial evidence. (Doc. 21, p. 10). While Plaintiff is correct that the Eleventh Circuit has held that the good cause required before a treating physician's opinions may be accorded little weight is not provided by the report of a non-examining physician where it contradicts the report of the treating physician, see Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988), this is not the situation presented here. In the instant case, the ALJ found good cause for rejecting Dr. Shiriaeva's opinions based on the total lack of significant findings in the record as a whole as well as the consultative examinations.[11] (Tr. 23-26).

Plaintiff further contends that the ALJ applied an improper standard of law when he did not state the weight he gave the treating source opinions,[12] but summarily rejected that diagnosis concluding, "[w]hile it is reasonable to conclude that [Plaintiff] should have some pain and/or limitations as a result of the effects of back and leg pain and joint pain in the hip, the evidence as a whole does not substantiate any cause for debilitating pain ... which would preclude all work activity." (Doc. 21, p. 12-13; Tr. 23).

---

[11]The findings of state agency consultants may be entitled to great weight if they are supported by and consistent with the record as a whole. 20 C.F.R. § 416.927(d), (f); SSR 96-6p.

[12]The ALJ adequately stated the weight accorded to Dr. Shiriaeva's opinions. In fact, the ALJ stated he "has considered and accords no weight to the opinion of Dr. [Shiriaeva] ... who opined that the claimant was markedly limited in 18, out of 20, categories of the mental residual functional capacity assessment." (Tr. 23). As addressed above, this weight was proper when considering Dr. Shiriaeva's opinions were not bolstered by the evidence or supported by the record. See Phillips v. Barnhart, 357 F.3d at 1240-41.

Plaintiff argues this statement is erroneous as a matter of law because the ALJ

essentially finds Plaintiff has a severe impairment due to pain, but concludes the pain is

not disabling.  (Doc. 21, p. 12).  It appears that Plaintiff is arguing that meeting the pain

standard means that the ALJ must automatically find a severe impairment.  Id.  This

argument lacks merit.

The traditional standard for severity in the Eleventh Circuit is the "slight

abnormality" test.  Social Security Ruling 85-28 states:

> [A]n impairment or combination of impairments is found "not
> severe" and a finding of "not disabled" is made at this step
> when medical evidence establishes only a slight abnormality or
> combination of slight abnormalities which would have no more
> than a minimal effect on an individual's ability to work .

In Brady v. Heckler, the Eleventh Circuit adopted this definition when holding "an

impairment is not severe if it is a slight abnormality, which only has such a minimal

effect on the individual that it would not be expected to interfere with the individual's

ability to work, irrespective of age, education, or work experience."  724 F.2d 914, 920

(11th Cir. 1984).  Furthermore, the severity of a medically ascertained disability "must

be measured in terms of its effect upon ability to work, and not simply in terms of

deviation from purely medical standards of bodily perfection or normality."  McCruter v.

Bowen, 791 F.2d 1544, 1547 (11th Cir. 1988).

The Commissioner is correct that while a physical or mental condition may be

deserving of concern from a medical standpoint, it does not necessarily follow that the

condition has a present effect on a claimant's ability to work.  (Doc. 22, p. 16).  For

example, in Gibbs v. Barnhart, the court held substantial evidence supported the ALJ's

conclusion that the claimant's physical impairments were not severe because there was no evidence these impairments interfered with his ability to do basic work activities or that he continuously sought treatment for said impairments. 156 Fed. Appx. 243, 246-47 (11th Cir. 2005). Here, no physician placed limitations on Plaintiff's basic work activities due to pain. (Tr. 129-40, 150, 165). Additionally, there is no evidence in the record which demonstrates that Plaintiff sought treatment for pain on a continuous basis.[13]

Therefore, the Court finds, at step two, the ALJ correctly evaluated whether Plaintiff's impairment or combination of impairments significantly limited her from being able to perform basic work activities. (Tr. 17); 20 C.F.R. §§ 416.920(c); 416.921. In doing so, the ALJ was not required to find Plaintiff's pain constituted a severe impairment simply because he made reference to it. (Tr. 23). As such, the Court finds the ALJ did not apply an incorrect standard of law and his decision is supported by substantial evidence.

### 3. Whether the ALJ properly evaluated Plaintiff's subjective complaints of pain.

Plaintiff contends the ALJ erred by failing to apply the three part pain standard to Plaintiff's subjective complaints of back pain and headaches. (Doc. 21, pp, 14-17). As this court is well aware, pain is treated by the Regulations as a symptom of disability.

---

[13]Moreover, in an unpublished opinion, the Eleventh Circuit addressed this particular issue and held that the ALJ could not have committed any error at step two because he found that Plaintiff had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all that is required at step two. Council v. Commissioner of Social Security, No. 04-13128, 127 Fed. Appx. 473 (11th Cir. 2004).

20 C.F.R. § 416.929 provides, in part, that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms."  The Eleventh Circuit has articulated the three-part pain standard, sometimes referred to as the Hand[14] test, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); Ogranaja v. Commissioner of Social Security, 186 Fed. Appx. 848, 2006 WL 1526062, at *3 (11th Cir. 2006) (quoting Wilson); Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 416.929, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard."  Wilson, 284 F.3d at 1226.  Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.  Here, the ALJ properly applied the standard set forth in 20 C.F.R. § 416.929.  See (Tr. 23).

---

[14]Hand v. Bowen, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

-18-

But "[w]hile both the Regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." Elam, 921 F.2d at 1215. The Eleventh Circuit has held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." Foote v. Chater, 67 F.3d 1553, 1561 (11 Cir. 1995)(citing Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992)); Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987); Hurley v. Barnhart, 385 F.Supp.2d 1245, 1259 (M.D. Fla. 2005). However, the presence or absence of evidence to support symptoms of the severity claimed is a factor that can be considered. Marbury, 957 F.2d at 839-840; Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, if the Commissioner refuses to credit subjective testimony of the plaintiff concerning pain he must do so explicitly and give reasons for that decision. MacGregor v. Bowen, 786 F.2d at 1054. Where he fails to do so, the Eleventh Circuit has stated that it would hold as a matter of law that the testimony is accepted as true. Holt v. Sullivan, 921 F.2d at 1223; MacGregor, 786 F.2d at 1054. Although the Eleventh Circuit does not require an explicit finding as to a claimant's credibility, the implication must be obvious to the reviewing court. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. Id. (internal quotations and citations omitted). And of course, the reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon

substantial evidence.  <u>Wilson</u>, 284 F.3d at 1225-1226; <u>Jones v. Department of Health</u> <u>and Human Services</u>, 941 F.2d 1529, 1532 (11th Cir. 1991); <u>Hurley</u>, 385 F.Supp. 2d at 1259.

Underlying the <u>Hand</u> standard is the need for a credibility determination concerning a plaintiff's complaints of pain.  Those complaints are, after all, subjective.  "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain."  <u>Scharlow v.</u> <u>Schweiker</u>, 655 F.2d 645, 649 (5th Cir.1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[15] People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than in others.  "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain.  This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts ... " <u>Hand</u>, <u>supra</u>, at 1548-49.  It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence."  <u>Arnold v. Heckler</u>, 732 F.2d 881, 884 (11th Cir. 1984).  Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that.  The evidence as a whole, including the

---

[15]Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit.  <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

existence of corroborating objective proof or the lack thereof, and not just a physician's belief or the plaintiff's claims, is the basis for the ALJ's credibility determination.

Here, the ALJ discounted Plaintiff's subjective complaints of pain and her credibility, based on his review of the medical records as well as Plaintiff's testimony. (Tr. 23). At the hearing, Plaintiff testified she gets headaches once a week and that they cease with medication. (Tr. 205). Additionally, she is capable of going to church, going grocery shopping, caring for her personal hygiene, and cleaning the house with her husbands help.[16] (Tr. 13, 211). Further, numerous doctors opined that Plaintiff was malingering and exaggerating the extent of her symptoms.[17]

As for the lack of medical records in support of Plaintiff's allegations of pain, Dr. Adhami diagnosed Plaintiff with frequent headaches without medication, but made no restriction or treatment recommendations. (Tr. 133). Dr. Steele noted his examination of Plaintiff was benign and no reduction of physical RFC was indicated. (Tr. 165). Dr. Truschov stated Plaintiff's physical exam was within normal limits. (Tr. 150). Additionally, the record fails to show that Plaintiff required any significant forms of treatment, such as surgery, hospitalization, or emergency room treatment and that the

---

[16]The ALJ also noted Plaintiff has provided inconsistent information regarding her daily activities. She testified to driving and also reported she does not drive. She reported she was unable to do house work; however, she also reported that she cleaned, laundered, ironed, and cooked. (Tr. 22).

[17]Dr. Nazario found Plaintiff's presentation was unusual and appeared exaggerated. (Tr. 131). Dr. Shoenrock noted Plaintiff was malingering, was not putting forth her best effort, and was exaggerating her limitations and deficits. (Tr. 138-39). Dr. O'Hearn also observed possible exaggeration and malingering by Plaintiff. (Tr. 182-84).

treatment she has received was anything more than conservative and/or routine in nature. (Tr. 22-23).

Therefore, the Court finds the record as a whole does not paint a picture nearly so dire as Plaintiff suggests, and it was well withing the realm of the ALJ's duty to find that Plaintiff's subjective complaints of pain were less than fully credible. Therefore, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff's complaints concerning the intensity, persistence, and limiting effects of her symptoms were not completely credible.

IV.    **CONCLUSION**

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _12th_ day of March, 2010.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record